UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMUEL A. NICOSIA,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>Case No. 2:24-cv-00483-RJS-CMR<br><br>Judge Robert Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Samuel A. Nicosia (Plaintiff) filed his *Motion for Leave to Proceed In Forma Pauperis* (Motion) on July 3, 2024 (ECF 2). In the Motion, Plaintiff asserts that he is without sufficient funds to pay the filing fee and asks the court to waive it. The undersigned submits the following Report and Recommendation and recommends that Plaintiff's Motion be denied. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005) (explaining a report and recommendation must be submitted to address this issue).

REPORT

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil action without payment of the fees for a person who lacks the financial means to pay those fees. 28 U.S.C. § 1915(a)(1). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312. Pursuant to DUCivR 3-2(a)(1), a party must complete and file a Motion to Proceed In Forma Pauperis to show a financial inability to pay the required fees. *Lister*, 408 F.3d at 1312. Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the "wide discretion" of the trial court. *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) (citations omitted).

Based upon the information contained in the Motion, Plaintiff has not demonstrated a credible financial inability to pay the required filing fee. Plaintiff reports $7,000 of gross income and $4,448 of take-home pay yet lists his monthly expenses as in excess of $5,489 (ECF 2 at 1). As a result, in order to obtain further clarification, the court entered a docket text order on July 8, 2024, requiring Plaintiff to supplement his Motion with additional information regarding his debts and financial obligations and how much he contributes to supporting his spouse and children (ECF 5). Plaintiff had until July 15, 2024, to provide the required supplementation (*Id.*). As of this date, however, no supplement has been filed.

Accordingly, because Plaintiff fails to provide sufficient information to ascertain his financial status, the court concludes that Plaintiff is not entitled to proceed without prepayment of fees and recommends that the Motion be denied. *See, e.g.*, *Lister*, 408 F.3d at 1312 (denying IFP status for failing to provide the court with requisite financial information to assess plaintiff's ability to pay the filing fee).

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED without prejudice (ECF 2).

IT IS FURTHER RECOMMENDED that Plaintiff prepay the full filing fee of $405 within 30 days for this action to proceed.

IT IS ADDITIONALLY RECOMMENDED that Plaintiff be cautioned that failure to fully pay the filing fee within 30 days after this Report and Recommendation will result in dismissal of this action without prejudice.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30 July 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah