UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SAMUEL A. NICOSIA,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>AND<br>ORDER TO SHOW CAUSE<br><br>Case No. 2:24-cv-00483-RJS-CMR<br><br>Judge Robert Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is a Motion for Default Judgment (Motion) (ECF 11) filed by Plaintiff Samuel A. Nicosia (Plaintiff). Plaintiff requests that default judgment be entered against Defendants LVNV Funding, LLC, Sean Umipig, and Johnson Marks, LLC (Defendants) (ECF 11 at 1). In the Motion, Plaintiff incorrectly claims that the Clerk of Court entered a default certificate against Defendants on August 15, 2024 (ECF 11-1 at 2) and points to Exhibit B of his Motion, which consists of a copy of his Motion filed on that date (ECF 11-3). No default certificate has been entered on the docket against any Defendant. Plaintiff also incorrectly claims in his Motion that he filed proof of service with the court (ECF 11-1 at 1). The docket does not reflect valid proof of service on any Defendant. Rather, Plaintiff filed a Certificate of Service (ECF 10) showing that Plaintiff attempted to serve Defendants by sending the Complaint by certified mail to Defendant Umipig (ECF 11-2 at 2). This method of service is improper under Federal Rule of Civil Procedure 4, which generally requires personal service on individuals and corporations. *See* Fed. R. Civ. P. 4(e) (serving an individual); R. 4(h) (serving a corporation). Plaintiff is not entitled to entry of default judgment where Defendants have not yet been properly served. The court therefore RECOMMENDS that Plaintiff's Motion for Default Judgment (ECF 11) be DENIED.
.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED (ECF 11).

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

## ORDER TO SHOW CAUSE

Under Federal Rule of Civil Procedure 4(m), Plaintiff had ninety (90) days to serve all defendants. Fed. R. Civ. P. 4(m). To date, no valid proof of service has been filed with the court for any defendant. Accordingly, Plaintiff is hereby ordered to show cause why the above-captioned case should not be dismissed for failure to serve and/or failure to prosecute. Plaintiff is directed to respond to the court in writing no later than January 20, 2025 and inform the court as to the status of the case and his intentions to proceed. Failure to do so may result in a recommendation that this action be dismissed.

DATED this 13 January 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah